# 26-1225

## United States Court of Appeals
## for the Second Circuit



RONALD KRICK, Individually and on Behalf of the Estate of Oliver Krick,
MARGARETA KRICK, CHRISTOPHER KRICK, DOUGLAS KEVORKIAN,
Individually and on Behalf of the Estate of Ralph Kevorkian, CHRISTINE
GROGAN, EILEEN ZAHARIOUDAKIS, Individually and Behalf of the Estate of
Donald Gough, MICHAEL DETERESA, CHARLES HENRY GRAY IV,
CHADWICK GRAHAM GRAY, CRAIG GAETKE, WANDA KEMP, Individually
and on Behalf of the Estates of O. Lamar Allen and Ashton Allen,

*Plaintiffs-Appellants,*

LISA MICHELSON, Individually and on Behalf of the Estate of Yonatan Rojany,
ERIC ROJANY, JODELLE GEARON, Individually and on
Behalf of the Estate of Daniel Gaetke, TODD GAETKE,

*Plaintiffs,*

v.

RAYTHEON COMPANY, RAYTHEON TEC HNOLOGIES CORPORATION,
LOCKHEED MARTIN CORPORATION, UNITED STATES MISSILE
DEFENSE AGENCY, UNITED STATES DEPARTMENT OF DEFENSE,
UNITED STATES NAVY, UNITED STATES OF AMERICA,

*Defendants-Appellees,*

DOES 1 THROUGH 20,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## JOINT APPENDIX
## VOLUME II OF II (PAGES JA291-JA490)

T.M. GUYER AND
AYERS & FRIENDS, PC
*Attorneys for Plaintiffs-Appellants*
P.O. Box 1061
Medford, Oregon 97501
(202) 227-3590
*thad@guyerayers.com*

**DICK BAILEY**
EST. 1966
www.dickbailey.com

# TABLE OF CONTENTS

*Page(s)*

U.S. District Court Docket Sheet .................................................................. JA1-JA58

First Amended Complaint, dated September 19, 2022 ............................. JA59-JA97

Amended Complaint (operative), dated November 17,
2022 ...................................................................................................... JA98-JA135

Memorandum of Law of the United States in Support of
Motion to Dismiss (April round), dated April 1, 2025 .......................... JA136-JA185

Memorandum of Law in Support of Motion to Dismiss
(April round), dated April 1, 2025 ........................................................ JA186-JA243

Memorandum of Law in Support of Motion to Dismiss,
dated April 1, 2025 ................................................................................ JA244-JA281

Declaration in Support of Motion to Dismiss (April
round), dated April 1, 2025 .................................................................... JA282-JA284

Declaration in Support of Motion to Dismiss, dated April
1, 2025 ................................................................................................... JA285-JA289

Exhibit B to Declaration - Stipulations of Dismissal, TWA
800 MDL, dated April 1, 2025 ............................................................... JA290-JA314

Exhibit C to Declaration - Krick General Release, dated
April 1, 2025 .......................................................................................... JA315-JA323

Exhibit D to Declaration - A. Allen General Release, dated
April 1, 2025 .......................................................................................... JA324-JA332

i

*Table of Contents(cont'd)* *Page(s)*

Exhibit E to Declaration - O. Lamar Allen General
Release (1), dated April 1, 2025 ............................................................... JA333-JA341

Exhibit F to Declaration - O. Lamar Allen General
Release (2), dated April 1, 2025 ............................................................... JA342-JA348

Exhibit G to Declaration - Gaetke General Release, dated
April 1, 2025 .......................................................................................... JA349-JA357

Exhibit H to Declaration - Gough General Release, dated
April 1, 2025 .......................................................................................... JA358-JA378

Exhibit I to Declaration - Kevorkian General Release,
dated April 1, 2025 ................................................................................ JA379-JA387

Plaintiffs' Combined Opposition to Motions to Dismiss
(corrected), dated July 29, 2025 ............................................................. JA388-JA437

Letter to the Court re Opposition Filing, dated August 11,
2025 ....................................................................................................... JA438-JA439

Notice of Errata to Plaintiffs' Combined Opposition, dated
August 12, 2025 ..................................................................................... JA440-JA442

Declaration of Brasington in Support of Motion to
Dismiss, dated December 15, 2025 ......................................................... JA443-JA450

Exhibit to Motion - Probate Court Order, dated December
15, 2025 ................................................................................................. JA451

Exhibit to Motion - Chadwick Gray General Release,
dated December 15, 2025 ........................................................................ JA452-JA459

*Table of Contents(cont'd)* *Page(s)*

Exhibit to Motion - Charles Gray General Release, dated
December 15, 2025 ................................................................. JA460-JA467

Declaration of Dronberger in Support of Motion to
Dismiss, dated December 15, 2025........................................ JA468-JA469

Plaintiffs' Memorandum of Law in Opposition to Motions
to Dismiss, dated January 13, 2026....................................... JA470-JA483

Declaration in Support of Request for Limited Discovery,
dated January 13, 2026........................................................... JA484-JA490

iii

DOC # 315



U. S. DISTRICT COURT
FEB - 2 2001
S. D. OF N. Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:  AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)  *File Here*
M.D.L. No. 1161

This Document Relates To:
Gough, et al. v. Boeing, et al.
98-CIV-1524 (RWS)

DISMISSAL WITH PREJUDICE

---

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
OF ALL CLAIMS ARISING FROM THE DEATH OF
DONALD E. GOUGH**

IT IS HEREBY STIPULATED AND AGREED, by and between all parties hereto by their undersigned counsel, that pursuant to Fed. R. Civ. P. 41(a)(1), all claims by or on behalf of the estate or the beneficiaries of decedent Donald E. Gough (including William E. Smith, Erik E. Gough and Eileen Zaharioudakis) shall be, and hereby are dismissed.  This dismissal shall be with prejudice, each party to bear its own costs and attorneys' fees.

DATED:  December 18, 2000.

MICROFILM -12 00 PM
FEB - 2 2001

- 1 -

[01038-3137/SL003772.975]

**JA292**

Stipulated and Agreed:

SPEISER, KRAUSE, NOLAN & GRANITO

By _Frank H. Granito, Jr._
  Frank H. Granito, Jr.,

East 45th Street, 34th Floor
New York, New York  10017
(212) 661-0011

Attorneys for Plaintiffs

PERKINS COIE LLP

By _Jay S. Brown_
  Keith Gerrard (KG-2233)
  Steven S. Bell (SB-7459)
  Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

REBOUL, MacMURRAY, HEWITT,
MAYNARD & KRISTOL
  William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York  10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

- 2 -

[01038-3137/SL003772.975]

JA293

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP


By _William C. Brown III_
Randall R. Craft, Jr. (RC-6025)
William C. Brown, III (WB-6590)
Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.


DOMBROFF & GILMORE


By _____
Mark A. Dombroff (MD-3411)
Dane B. Jaques (DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.


So Ordered the 31 day of January 2000.

_____
Robert W. Sweet
U.S.D.J.

- 3 -

[01038-3137/SL003772.975]

Case 1:23-cv-08093-AMD-JAM    Document 187-2    Filed 04/01/25    Page 5 of 25 PageID #: 1149



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:  AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)  ← File here
M.D.L. No. 1161

This Document Relates To:
Krick, et al. v. Boeing, et al.
**98-CIV-7011 (RWS)** ← docket

DISMISSAL WITH PREJUDICE

---

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
## OF ALL CLAIMS ARISING FROM THE DEATH OF
## RONALD W. KRICK

IT IS HEREBY STIPULATED AND AGREED, by and between all parties hereto by their undersigned counsel, that pursuant to Fed. R. Civ. P. 41(a)(1), all claims by or on behalf of the estate or the beneficiaries of decedent Ronald W. Krick (including Margaret J. Krick and Christopher Krick) shall be, and hereby are dismissed.  This dismissal shall be with prejudice, each party to bear its own costs and attorneys' fees.

DATED: March 12, 2001.

- 1 -

[01038-3137/SL010610.338]

Case 1:23-cv-08093-AMD-JAM Document 187-2 Filed 04/01/25 Page 6 of 25 PageID #: 1150

Stipulated and Agreed:

SCHADEN, KATZMAN, LAMPERT & McCLUNE

By _____

Bruce A. Lampert

11870 Airport Way
Broomfield, Colorado 80021-2555
(303) 465-3663

Attorneys for Plaintiffs

PERKINS COIE LLP

By _____

Keith Gerrard (KG-2233)
Steven S. Bell (SB-7459)
Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

REBOUL, MacMURRAY, HEWITT,
MAYNARD & KRISTOL
    William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York 10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

- 2 -

[01038-3137/SL010610.338]

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP


By _William C. Brown III_
    Randall R. Craft, Jr. (RC-6025)
    William C. Brown, III (WB-6590)
    Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.


DOMBROFF & GILMORE


By _____
    Mark A. Dombroff (MD-3411)
    Dane B. Jaques (DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.


So Ordered the _10th_ day of _May_ 2001.

_____
Robert W. Sweet
U.S.D.J.

- 3 -

[01038-3137/SL010610.338]

Case 1:23-cv-08093-AMD-JAM    Document 187-2    Filed 04/01/25    Page 8 of 25 PageID #: 1152



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:  AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)
M.D.L. No. 1161

This Document Relates To:
Meshulam, et al. v. Boeing, et al.
**97-CIV-5612 (RWS)** ⚫

DISMISSAL WITH PREJUDICE

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
### OF ALL CLAIMS ARISING FROM THE DEATH OF
### AVISHAI MESHULAM

IT IS HEREBY STIPULATED AND AGREED, by and between all parties hereto by their undersigned counsel, that pursuant to Fed. R. Civ. P. 41(a)(1), all claims by or on behalf of the estate or the beneficiaries of decedent Avishai Meshulam (including Shimon Meshulam, Ziava Meshulam, Noam Meshulam and Oshat Grienberg) shall be, and hereby are dismissed. This dismissal shall be with prejudice, each party to bear its own costs and attorneys' fees.

DATED:  MAY  14  , 2001.

- 1 -

[01038-3137/SL011300.281]

# JA298

Stipulated and Agreed:

KREINDLER & KREINDLER

By _____
    James P. Kreindler

100 Park Avenue
New York, New York  10017
(212) 687-8181

Attorneys for Plaintiffs

PERKINS COIE LLP

By _____

    Keith Gerrard (KG-2233)
    Steven S. Bell (SB-7459)
    Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

REBOUL, MacMURRAY, HEWITT,
MAYNARD & KRISTOL
    William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York  10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

[01038-3137/SL011300.281]

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP

By _William C. Br____ III_

Randall R. Craft, Jr. (RC-6025)
William C. Brown, III (WB-6590)
Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.

DOMBROFF & GILMORE

By _____

Mark A. Dombroff (MD-3411)
Dane B. Jaques (DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.

So Ordered the 5 day of ___June___ 2001.

_____
Robert W. Sweet
U.S.D.J.

[01038-3137/SL011300.281]

**JA300**

RECEIVED JAN 2 8 2002 JUDGE SWEET CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:  AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)
M.D.L. No. 1161

This Document Relates To:
Allen, et al. v. Boeing, et al.
**97-CIV-6032 (RWS)**

DISMISSAL WITH PREJUDICE

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
OF ALL CLAIMS ARISING FROM THE DEATH OF
ASHTON LAMAR ALLEN**

IT IS HEREBY STIPULATED AND AGREED, by and between all parties hereto by their undersigned counsel, that pursuant to Fed. R. Civ. P. 41(a)(1), all claims by or on behalf of the estate or the beneficiaries of decedent Ashton Lamar Allen (including Betty Anne Allen) shall be, and hereby are dismissed.  This dismissal shall be with prejudice, each party to bear its own costs and attorneys' fees.

DATED: NOVEMBER 28 , 2001.

- 1 -

[01038-3137/SL013120.115]

JA301

Stipulated and Agreed:

MAYFIELD, COMMANDER & McMENAMY, L.L.C.

By _____
Scott C. Commander

720 Candler Building
127 Peachtree Street NE
Atlanta, Georgia 30303
(404) 584-8002

Attorneys for Plaintiffs

PERKINS COIE LLP

By _____
Keith Gerrard (KG-2233)
Steven S. Bell (SB-7459)
Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

REBOUL, MacMURRAY, HEWITT,
MAYNARD & KRISTOL
   William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York 10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP


By _William C. Brown III_

    Randall R. Craft, Jr. (RC-6025)
    William C. Brown, III (WB-6590)
    Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.


DOMBROFF & GILMORE


By _____

    Mark A. Dombroff (MD-3411)
    Dane B. Jaques.(DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.


So Ordered the 28 day of January, 2007

_____
Robert W. Sweet
U.S.D.J.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)
M.D.L. No. 1161

This Document Relates To:
Allen, et al. v. Boeing, et al.
**97-CIV-6033 (RWS)** *FILED*

DISMISSAL WITH PREJUDICE

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
## OF ALL CLAIMS ARISING FROM THE DEATH OF
## OTIS LAMAR ALLEN

IT IS HEREBY STIPULATED AND AGREED, by and between all parties hereto by their undersigned counsel, that pursuant to Fed. R. Civ. P. 41(a)(1), all claims by or on behalf of the estate or the beneficiaries of decedent Otis Lamar Allen (including Betty Anne Allen, Amberly Anne Allen, Cameron Ross Allen, Henry Allen and Joceil Allen) shall be, and hereby are dismissed. This dismissal shall be with prejudice, each party to bear its own costs and attorneys' fees.

DATED: NOVEMBER 28, 2001.

[01038-3137/SL013120.132]

Stipulated and Agreed:

MAYFIELD, COMMANDER & McMENAMY, L.L.C.

By _Scott C. Connully_
Scott C. Commander

720 Candler Building
127 Peachtree Street NE
Atlanta, Georgia  30303
(404) 584-8002

AARON J. BRODER & JONATHAN C. REITER

By (SIGNED IN COUNTERPART)
Jonathan C. Reiter

Empire State Building
350 Fifth Avenue, Suite 2811
New York, New York  10118
(212) 244-2000

Attorneys for Plaintiffs

PERKINS COIE LLP

By _Jay S. Brown_
Keith Gerrard (KG-2233)
Steven S. Bell (SB-7459)
Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

- 2 -

Stipulated and Agreed:

MAYFIELD, COMMANDER & McMENAMY, L.L.C.

By _(SIGNED IN COUNTERPART)_____
   Scott C. Commander

720 Candler Building
127 Peachtree Street NE
Atlanta, Georgia 30303
(404) 584-8002

AARON J. BRODER & JONATHAN C. REITER

By _____
   Jonathan C. Reiter

Empire State Building
350 Fifth Avenue, Suite 2811
New York, New York 10118
(212) 244-2000

Attorneys for Plaintiffs

PERKINS COIE LLP

By _(SIGNED IN COUNTERPART)_____
   Keith Gerrard (KG-2233)
   Steven S. Bell (SB-7459)
   Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

- 2 -

[01038-3137/SL013120.132]

REBOUL, MacMURRAY, HEWITT,
MAYNARD & KRISTOL
    William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York 10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP


By _William C. Brown III_

    Randall R. Craft, Jr. (RC-6025)
    William C. Brown, III (WB-6590)
    Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.



DOMBROFF & GILMORE


By _____
    Mark A. Dombroff (MD-3411)
    Dane B. Jaques (DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.

- 3 -

[01038-3137/SL013120.132]

So Ordered the ___ day of January 2007.

_____

Robert W. Sweet

U.S.D.J.

[01038-3137/SL013120.132]

# JA308



*CASE CLOSED 1/29/02*

*DOC # 421*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)
M.D.L. No. 1161

This Document Relates To:
Grogan, et al. v. Boeing, et al.
**98-CIV-6753 (RWS)** ● *FILE IN*

DISMISSAL WITH PREJUDICE

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS ARISING FROM THE DEATH OF O. LAMAR ALLEN

IT IS HEREBY STIPULATED AND AGREED, by and between all parties hereto by their undersigned counsel, that pursuant to Fed. R. Civ. P. 41(a)(1), all claims by or on behalf of the estate or the beneficiaries of decedent O. Lamar Allen (including Christine Grogan) shall be, and hereby are dismissed. This dismissal shall be with prejudice, each party to bear its own costs and attorneys' fees.

DATED: 11/9/01 , 2001.

MICROFILM -12:00 PM JAN 2 9 2002

- 1 -

[01038-3137/SL013120.122]

Stipulated and Agreed:

GORBY, REEVES, PETERS & BURNS, P.C.

By _____
    Michael J. Gorby

Resurgens Plaza, 21st Floor
945 East Paces Ferry Road
Atlanta, Georgia  30326
(212) 687-8181

Attorneys for Plaintiffs

PERKINS COIE LLP

By _____

    Keith Gerrard (KG-2233)
    Steven S. Bell (SB-7459)
    Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

REBOUL, MacMURRAY, HEWITT,
MAYNARD & KRISTOL
    William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York  10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

[01038-3137/SL013120.122]

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP

By _William C. Brown III_

Randall R. Craft, Jr. (RC-6025)
William C. Brown, III (WB-6590)
Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.

DOMBROFF & GILMORE

By _____

Mark A. Dombroff (MD-3411)
Dane B. Jaques (DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.

So Ordered the 28 day of _January_ 2001

_Robert W. Sweet_
Robert W. Sweet
U.S.D.J.

[01038 3137/SL 013120 122]







UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:  AIR CRASH OFF LONG ISLAND,
NEW YORK, ON JULY 17, 1996

96 Civ. 7986 (RWS)
M.D.L. No. 1161

This Document Relates To:
**ALL CASES**

DISMISSAL OF DEFENDANTS
WITH PREJUDICE

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
OF ALL DEFENDANTS FROM CONSOLIDATED ACTION**

IT IS HEREBY STIPULATED AND AGREED, by and between all defendants by their undersigned counsel and the plaintiffs' committee by its undersigned Plaintiffs' Liaison Counsel, that all personal injury and wrongful death claims arising from the loss of TWA Flight 800 have been resolved and that each individual action pending before this Court as part of this Consolidated Action has been dismissed with prejudice or administratively closed.  The parties therefore stipulate and agree, pursuant to Fed. R. Civ. P. 41(a)(1) and M.D.L. Rule 7.6(a), that all defendants herein shall be, and hereby are dismissed with prejudice, each party to bear its own costs and attorneys' fees.  This Consolidated Action shall remain open and this Court shall retain jurisdiction for the purposes of implementing the Court's Order of October 18, 2002 concerning the plaintiffs' committee's fees and expenses, discharging the plaintiffs' committee, and dismissing this Consolidated Action.

- 1 -

[01038-3137/SL033030.119]

JA312

DATED: November 5, 2003.

Stipulated and Agreed:

KREINDLER & KREINDLER

By _____
   Steven R. Pounian,
   Plaintiffs' Liaison Counsel

100 Park Avenue
New York, New York  10017
(212) 687-8181

PERKINS COIE LLP

By _____
   Keith Gerrard (KG-2233)
   Steven S. Bell (SB-7459)
   Jay S. Brown (JB-3080)

1201 Third Avenue, 40th Floor
Seattle, Washington 98101-3099
(206) 583-8888

ROPES & GRAY
   William I. Sussman (WS-7552)
45 Rockefeller Plaza
New York, New York  10111
(212) 841-5700

Attorneys for Defendant
The Boeing Company

HAIGHT GARDNER HOLLAND & KNIGHT
A Law Office of Holland & Knight LLP

- 2 -

[01038-3137/SL033030.119]

By _William C Brown III_
Randall R. Craft, Jr. (RC-6025)
William C. Brown, III (WB-6590)
Alan D. Reitzfeld (AR-1196)

195 Broadway
New York, NY 10007-3189
(212) 341-7000

Attorneys for Defendant
Trans World Airlines, Inc.


DOMBROFF & GILMORE


By _Mark A. Dombroff_
Mark A. Dombroff (MD-3411)
Dane B. Jaques (DJ-6331)

West Lobby, Suite 300
1025 Thomas Jefferson Street, NW
Washington, D.C. 20007-5201
(202) 965-6100

Attorneys for Defendant
Hydro-Aire, Inc.


So Ordered the _10_ day of _March_ 200_4_


_____
Robert W. Sweet
U.S.D.J.

- 3 -

# JA314

Case 1:23-cv-08093-AMD-JAM    Document 187-2    Filed 04/01/25    Page 25 of 25 PageID #: 1169



Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Gretchen M. Nelson*
Stuart R. Fraenkel*

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
Andrew J. Maloney, III
  Counsel

**KREINDLER & KREINDLER** LLP
100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

(212) 973-3477
spounian@kreindler.com

March 3, 2004

Susan A. Friery, M.D.**
Daniel O. Rose
Jacqueline M. James
Brendan S. Maher
Paul A. Loh
Susan D. Bainnson
Dennis J. Nolan
Myrna Ocasio
Vincent I. Parrett

California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

*Admitted in CA only
**Admitted in MA & DC only

MAR - 5 2004

<u>BY HAND</u>

Hon. Robert W. Sweet
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Re:    <u>In re Air Crash Off Long Island, New York on July 17, 1996</u>
       96 Civ. 7986 (RWS); MDL 1161

Dear Judge Sweet:

Enclosed is a proposed Stipulation and Order of Dismissal with Prejudice of all Defendants from Consolidated Action.

The parties jointly request that the Court approve and sign the proposed Stipulation and Order of Dismissal.

Sincerely,

Kreindler & Kreindler LLP

By:    Steven R. Pounian

SRP:lr
Enclosure
cc:    Jay S. Brown, Esq.
       William C. Brown, III, Esq.
       Dane B. Jaques, Esq.

142901
v1

**JA315**

**Exhibit C to Declaration - Krick General Release, dated April 1, 2025 [JA315-JA323]**

# EXHIBIT C

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors:    Ronald W. Krick and Margaret J. Krick, Individually, and as Co-Personal Representatives of the Estate of Oliver Krick (hereinafter referred to as "Decedent"); and Christopher Krick (hereinafter collectively referred to as "Releasors")

Releasees:    THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.    On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.    Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3.    For and in consideration of payment of the sum of  REDACTED REDACTED            in the form of two checks or drafts (REDACTED payable to "Schaden, Katzman, Lampert & McClune, in trust for Ronald W. Krick, Margaret J. Krick and Christopher Krick", and REDACTED payable to

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                -1-

Subject to Confidentiality Agreement in Krick, et al. v. R      A-316    1pany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the East... ....... of New York                                    BOE0037

CONFIDENTIAL

"Steven R. Pounian, Plaintiffs' Liaison Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liaison Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.      Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

6.      This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                -2-

CONFIDENTIAL

in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent. Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.      Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.      Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed. Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                    -3-

CONFIDENTIAL

by Releasors.  Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true.  Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts.  Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.    In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

    a.    The nature, extent or duration of Releasors' losses, injuries or damages; or

    b.    The cause or causes for the Event; or

    c.    The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

    d.    Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.    Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons.  Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration.  Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.    Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

12.    This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                    -4-

Subject to Confidentiality Agreement in Krick, et al. v. R    A-319    npany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ......... of New York                    BOE0040