Dated _Oct. 18/2001_ 

**Cameron Ross Allen**
Decedent's Adult Son

SUBSCRIBED AND SWORN to before me this _16th_ day of
_October_, 2001.

(Signature of Notary)

_Stacey L. Whitehouse_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_Colorado_, residing at _Boulder County, Colorado_
My Commission Expires:_____

My commission expires September 1, 2003
2935 Baseline Road • Boulder • CO • 80303

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _October 20, 2001_ 

Scott C. Commander, Esq.
Attorneys for Betty Anne Allen, Amberly Anne Allen and Cameron Ross Allen

RELEASE OF ALL CLAIMS
[/lamar release final.doc/24]

-8-

Subject to Confidentiality Agreement in Krick, et al. v. R...     A-341     ...pany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ....... of New York                    BOE0074

**JA342**

**Exhibit F to Declaration - O. Lamar Allen General Release (2), dated April 1, 2025 [JA342-JA348]**

Case 1:23-cv-08093-AMD-JAM     Document 187-6     Filed 04/01/25     Page 1 of 7 PageID #: 1197

# EXHIBIT F

CONFIDENTIAL

### RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasor:    Christine Grogan, (hereinafter collectively referred to as "Releasor") as purported daughter of O. Lamar Allen, (hereinafter referred to as "Decedent"), **but not** Anne Allen, Amberly Allen, Cameron Allen, Henry Allen or Jo Allen

Releasees:   THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.    On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.    Releasor hereby represents and warrants that the respective relationship listed beneath the undersigned's signature is true and that she is the purported daughter of Decedent.

3.    For and in consideration of the payment of REDACTED, the receipt and sufficiency of which the parties hereby acknowledge, and other consideration set forth in the attached, Releasor releases and forever discharges any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills,

Subject to Confidentiality Agreement in Krick, et al. v. R    A-343    npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas....... ......... of New York                    BOE0075

CONFIDENTIAL

specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, against Releasees which the Releasor ever had, now has or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to: injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation. This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law. This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release. Releasor acknowledges the adequacy of this payment as consideration in full for this Release. Releasor acknowledges that she shall be responsible for the payment of her own costs and expenses, including her own attorneys' fees.

5.      Releasor intends this Release to constitute a full release and discharge of any and all claims that she may have arising out of the injury to and death of Decedent. Releasor states that she intends to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent. Releasor agrees that she will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent, Cameron Allen, or Amberly Allen, including claims against Betty Anne Allen, an executrix of the estate of O. Lamar Allen, Anne Allen individually, and their heirs, assigns and/or attorneys.

6.      This Release is intended to, and Releasor represents and warrants that it will dispose of all liability of Releasees to Releasor and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or in the future assert a claim, demand, action or bring suit arising out of injury to or the

RELEASE OF ALL CLAIMS
[/release Christine 2/24]                    -2-

Subject to Confidentiality Agreement in Krick, et al. v. R       A-344    npany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ...... of New York                    BOE0076

CONFIDENTIAL

death of Decedent. Releasor represents and warrants that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasor, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent not otherwise identified, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasor agrees to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.    Releasor hereby assigns, transfers, and sets over by way of subrogation to Releasees, their successors and assigns, all of Releasor's rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasor has or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasor pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasor hereby empowers the subrogated Releasees to sue, compromise, or settle in the place of the Releasor, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasor represents and warrants that she has not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that she has or may have against any third party relating to or arising out of the Event.

8.    Releasor enters into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasor realizes that losses, injuries or damages not now known may be subsequently discovered and that her known losses, injuries or damages may prove to be greater than presently believed. Releasor assumes all risk, chance or hazard that her losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasor intends to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law by

RELEASE OF ALL CLAIMS
[/release Christine 2/24]                           -3-

Subject to Confidentiality Agreement in Krick, et al. v. R    A-345    npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas___ ___.___ ___f New York                BOE0077

CONFIDENTIAL

Releasor. Releasor also fully understands and acknowledges that facts concerning her claims may be found hereafter to be other than or different from the facts she now believes to be true. Releasor expressly accepts and assumes the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasor waives any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.　In entering into this Release, Releasor does not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee or any other party in the litigation concerning:

    a.　The nature, extent or duration of Releasor's losses, injuries or damages; or

    b.　The cause or causes for the Event; or

    c.　The legal liability of any Releasee for the losses, injuries or damages to Releasor; or

    d.　Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasor.

10.　Releasor and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasor promises and agrees that she will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.　Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

RELEASE OF ALL CLAIMS
[/release Christine 2/24]

-4-

Subject to Confidentiality Agreement in Krick, et al. v. R‗‗‗ A-346 ‗pany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas‗‗‗ ‗‗‗‗‗‗ ‗f New York

BOE0078

CONFIDENTIAL

12. This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Separate signature pages are provided in anticipation that Releasor may separately execute this agreement.

13. It is the express intent and understanding of Releasor and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14. Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event. It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim. No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity. Releasor acknowledges that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15. This Release contains the entire agreement and understanding of the parties. This Release may not be changed orally. The terms of this Release are contractual in nature and not mere recitals.

16. This Release is to be construed and governed under the laws of the State of New York. Releasor and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17. Releasor acknowledges and declares that she has received a copy of this Release, that she has carefully read and fully understands its provisions, and that she is signing it voluntarily and of her own free will.

RELEASE OF ALL CLAIMS
[/release Christine 2/24]

-5-

Subject to Confidentiality Agreement in Krick, et al. v. R      A-347      pany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ......... of New York                    BOE0079

CONFIDENTIAL

18.    RELEASOR EXPRESSLY CONFIRMS THAT SHE HAS CONSULTED WITH HER ATTORNEYS CONCERNING THIS RELEASE AND HAS BEEN FULLY ADVISED WITH RESPECT TO HER RIGHTS AND OBLIGATIONS HEREUNDER.

Dated _____10/8/01_____    _____
                                Christine Grogan

SUBSCRIBED AND SWORN to before me this _8th_ day of ___October___, 2001.

_____
(Signature of Notary)

_MARY ROSS BONDS_____
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_Georgia_, residing at _Fulton County_
My Commission Expires:

Notary Public, Cobb County, Georgia
My Commission Expires March 12, 2004

The attorneys representing Releasor indicates their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _10/8/01_____    _____
                        Michael J. Gorby, Esq.
                        Attorney for Christine Grogan

RELEASE OF ALL CLAIMS
[/release Christine 2/24]                    -6-

Subject to Confidentiality Agreement in Krick, et al. v. R       A-348     npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas...... ......... of New York                    BOE 0080

**JA349**

**Exhibit G to Declaration - Gaetke General Release, dated April 1, 2025 [JA349-JA357]**

# EXHIBIT G

Case 1:23-cv-08093-AMD-JAM    Document 187-7    Filed 04/01/25    Page 2 of 9 PageID #: 1205

CONFIDENTIAL

### RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors: Jodelle M. Gearon, Individually, and as Personal Representative of Daniel Joseph Gaetke (hereinafter referred to as "Decedent") and Administrator Ad Litem of Decedent's Estate; and David Lee Gaetke (hereinafter collectively referred to as "Releasors")

Releasees: THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1. On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2. Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3. For and in consideration of payment of the sum of   REDACTED REDACTED               in the form of two checks or drafts (REDACTED payable to "Speiser, Krause, Nolan & Granito , in trust for Jodelle M. Gearon and David Lee Gaetke", and REDACTED payable to "Steven R. Pounian,

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161]                    -1-

*pec c.10/18/00*

CONFIDENTIAL

Plaintiffs' Liason Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liason Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.    The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.    Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

6.    This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or

Subject to Confidentiality Agreement in Krick, et al. v. R    A-351    npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas....... ......... ..f New York                                          BOE0010

CONFIDENTIAL

in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent. Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7. Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8. Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed. Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law

Subject to Confidentiality Agreement in Krick, et al. v. R⸺    A-352    npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas⸺ ⸺ of New York          BOE0011

CONFIDENTIAL

by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.      In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

a.   The nature, extent or duration of Releasors' losses, injuries or damages; or

b.   The cause or causes for the Event; or

c.   The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

d.   Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.     Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person (a) the terms of this Release or (b) the allegation that the Event, or the injury to or death of Decedent, was caused by any defect in any product manufactured or sold by any Releasee, or by any negligence or fault attributable to any Releasee. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.     Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]                    -4-

Subject to Confidentiality Agreement in Krick, et al. v. R     A-353     npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas..... ......... of New York                    BOE0012

CONFIDENTIAL

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.     It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.     Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event. It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim. No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity. Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.     This Release contains the entire agreement and understanding of the parties. This Release may not be changed orally. The terms of this Release are contractual in nature and not mere recitals.

16.     This Release is to be construed and governed under the laws of the State of New York. Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.     Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.     RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

Subject to Confidentiality Agreement in Krick, et al. v. R     A-354     ipany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas...... ........ of New York                    BOE0013

CONFIDENTIAL

Dated    10/13/00

Jodelle M. Gearon

**Jodelle M. Gearon**
Individually as Decedent's Sister and as
Decedent's Personal Representative and
Administrator Ad Litem of Decedent's Estate

SUBSCRIBED AND SWORN to before me this ___13th___ day of
___OCTOBER___, 2000.

Kory Riederer
NOTARY PUBLIC~STATE OF KANSAS
MY APPT EXP: 1-4-04

_____
(Signature of Notary)

___KORY RIEDERER___
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
___KANSAS___, residing at ___JOHNSON COUNTY___
My Commission Expires: ___1-4-04___

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]

-6-

Subject to Confidentiality Agreement in Krick, et al. v. R    A-355    pany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eastern District of New York    BOE0014

CONFIDENTIAL

Dated __10/11/2000__

David Lee Gaetke
Decedent's Father

SUBSCRIBED AND SWORN to before me this __11th__ day of __October__, 2000.

_____
(Signature of Notary)

> NOTARY PUBLIC
> STATE OF NEVADA
> County of Clark
> Marguerite L. Edmonds
> Appt. No. 00-60917-1
> Expires Sept. 10, 2003

_____
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
__Nevada__ residing at __At Clark Co.__
My Commission Expires: __9-10-03__

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]                    -7-

Subject to Confidentiality Agreement in Krick, et al. v. R████ A-356 ████pany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas████ ██████ of New York                    BOE0015

CONFIDENTIAL

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _10/18/00_

Frank H. Granito, III
**Speiser, Krause, Nolan & Granito**
Attorneys for Jodelle M. Gearon, David Lee
Gaetke, Barbara Gaetke, Lisa Cordova,
Craig Gaetke and Todd Gaetke

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]                    -8-

Subject to Confidentiality Agreement in Krick, et al. v. R    A-357    ipany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ....... ..f New York                    BOE0016

**JA358**

**Exhibit H to Declaration - Gough General Release, dated April 1, 2025 [JA358-JA378]**

# EXHIBIT H

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

**Releasors:**   William E. Smith, as Personal Representative of Donald E. Gough (hereinafter referred to as "Decedent") and Executor of Decedent's Estate; and Erik E. Gough and Eileen Zaharioudakis (hereinafter collectively referred to as "Releasors")

**Releasees:**   THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.      On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.      Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3.      For and in consideration of payment of the sum of   REDACTED    REDACTED          in the form of two checks or drafts (REDACTED payable to "Speiser, Krause, Nolan & Granito, in trust for William E. Smith, Erik E. Gough and Eileen Zaharioudakis", and REDACTED payable to "Steven

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                    -1-

Subject to Confidentiality Agreement in Krick, et al. v. R     A-359     npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas... ....... of New York                    BOE0017

# JA360

CONFIDENTIAL

R. Pounian, Plaintiffs' Liason Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liason Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

   4.  The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

   5.  Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

   6.  This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]

      -2-

CONFIDENTIAL

in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent. Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.     Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.     Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed. Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                    -3-

Subject to Confidentiality Agreement in Krick, et al. v. R      A-361      npany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ...... of New York                    BOE0019

CONFIDENTIAL

by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.    In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

a.    The nature, extent or duration of Releasors' losses, injuries or damages; or

b.    The cause or causes for the Event; or

c.    The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

d.    Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.    Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person (a) the terms of this Release or (b) the allegation that the Event, or the injury to or death of Decedent, was caused by any defect in any product manufactured or sold by any Releasee, or by any negligence or fault attributable to any Releasee. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.    Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                            -4-

Subject to Confidentiality Agreement in Krick, et al. v. R    A-362    npany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas.... ....... of New York                    BOE0020

CONFIDENTIAL

12. This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13. It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14. Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event. It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim. No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity. Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15. This Release contains the entire agreement and understanding of the parties. This Release may not be changed orally. The terms of this Release are contractual in nature and not mere recitals.

16. This Release is to be construed and governed under the laws of the State of New York. Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17. Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18. RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                    -5-

Subject to Confidentiality Agreement in Krick, et al. v. R      A-363      npany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas....... ....... of New York                    BOE0021

CONFIDENTIAL

Dated _____

William E. Smi~~~
Decedent's Pers~~~
Executor of Dec~~~

*See attached discharge order.*

SUBSCRIBED AND SWORN to before me this __
_____, 2000.

_____
(Signature of Notary)

_____
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_____, residing at _____
My Commission Expires:_____

Dated ~~At~~ DECEMBER 2 2000

*Erik E. Gough*

Erik E. Gough
Decedent's son and sole child

SUBSCRIBED AND SWORN to before me this __2__ day of
DECEMBER, 2000.

_____
(Signature of Notary)

DONALD PAULI
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
CA, residing at TRUCKEE
My Commission Expires:_____

DONALD PAULI
COMM. #1217788
NOTARY PUBLIC - CALIFORNIA
NEVADA COUNTY
My Comm. Expires May 28, 2003

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]

-6-

Subject to Confidentiality Agreement in Krick, et al. v. R~~~ A-364 ~~~npany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas~~~ ~~~ of New York                    BOE0022

CONFIDENTIAL

Dated  12/4/00                 *Eileen Zaharioudakis*
                               Eileen Zaharioudakis
                               Decedent's sister and sole surviving sibling

SUBSCRIBED AND SWORN to before me this 4th day of
December , 2000.

                               *J. C. Burbage*
                               (Signature of Notary)

                               J. C. Burbage
                               (Print or Stamp Name of Notary)
                               NOTARY PUBLIC in and for the State of
                               CA , residing at 202 West Napa St.
                               My Commission Expires: 4-20-2003

OFFICIAL SEAL - 1214693
J. C. BURBAGE
NOTARY PUBLIC - CALIF.
COUNTY OF SONOMA
My Comm. Exp. April 20, 2003

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                    -7-

CONFIDENTIAL

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated __12-04-00__

Frank H. Granito, III
Speiser, Krause, Nolan & Granito
Attorneys for William E. Smith, Erik E.
Gough and Eileen Zaharioudakis

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                                                    -8-

Subject to Confidentiality Agreement in Krick, et al. v. R       A-366       npany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas....... ......... of New York                                    BOE0024

# SPEISER, KRAUSE, NOLAN & GRANITO

### COUNSELLORS AT LAW

*Two Grand Central Tower*
*140 East 45th Street*
*New York, N.Y. 10017*

(212) 661-0011

FAX: (212) 953-6483

**WASHINGTON D.C. OFFICE**
2300 CLARENDON BLVD.
SUITE 306
ARLINGTON, VA 22201
(703) 522-7500
FAX: (703) 522-7905

**CALIFORNIA OFFICE**
1 PARK PLAZA
SUITE 470
IRVINE, CA 92614
(949) 553-1421
FAX: (949) 553-1346

**TEXAS OFFICE**
900 JACKSON STREET
SUITE 750
DALLAS, TX 75202-4427
(214) 752-4664
FAX: (214) 752-4774

**FLORIDA OFFICE**
MIAMI CENTER - 10TH FLOOR
201 SOUTH BISCAYNE BLVD.
MIAMI, FLORIDA 33131
(305) 375-9400
FAX: (305) 375-0337

PLEASE REPLY TO
NEW YORK OFFICE

December 6, 2000

**VIA FACSIMILE (206) 583-8500**
**AND FIRST CLASS MAIL**

Jay Brown, Esq.
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

Re: **Donald Gough, Deceased/TWA Flight 800**

Dear Jay:

The enclosed demonstrates why it is not necessary for William Smith to execute a Release on behalf of the Estate of Donald Gough. Indeed, Mr. Smith no longer has authority to act as Donald's personal representative.

Very truly yours,

Frank H. Granito, III

FHG:mlc
Enclosure

Subject to Confidentiality Agreement in Krick, et al. v. R    A-367    pany, et al., 1:23-cv-08093-AMD-JAM, U.S. District Court for the Eastern District of New York    BOE0025

12/06/00 WED 17:32 FAX 1212 953 6483    S.K.M.N

**FILED**

'99 AUG 26 A9:29

AMY HARVEY CLERK

BY_____C. Hogan____
DEPUTY

DOCUMENT CODE 2770
L. Robert LeGoy, Esq.
Nevada Bar #698
Michaelle D. Rafferty, Esq.
Nevada Bar #5097
WALTHER, KEY, MAUPIN, OATS,
  COX, KLAICH & LeGOY
3500 Lakeside Court, Suite 200
Reno, NV  89509
(775) 827-2000
Attorneys for The Executor

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

In the Matter of the Estate of

Donald E. Gough,                    CASE NO. CV96-05099

                                    DEPT. NO. PR

        Deceased.
_____/

### ORDER SETTLING THIRD AND FINAL ACCOUNT AND FOR THE FINAL DISTRIBUTION OF THE ESTATE

The Petition of William E. Smith (the "Petitioner") for the settlement of the third and final account and for final distribution of the estate came on regularly for hearing this day. No person having appeared to contest the Petition, and on proof duly made to the satisfaction of the Court, the Court now finds the following:

1. Notices of the hearing on the Petition have been duly given as required by law. An Affidavit of Mailing of the Notices of Hearing has been filed with the Clerk of the Court.

2. Donald E. Gough (the "Decedent"), died testate on July 17, 1996. At the time of his death he was a resident of Incline Village, Washoe County, Nevada and left a Will and an estate in the State of Nevada subject to probate administration.

1.

Subject to Confidentiality Agreement in Krick, et al. v. R___    A-368    pany, et al.,
1:23-cv-08093-AMD-JAM, U.S. District Court for the Eas___ ___ of New York                BOE0026